RECORD No. 15-2335

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

In re Potomac Supply Corporation, Debtor

CHESAPEAKE BAY ENTERPRISES, INC.,

Defendant/Appellee

v.

CHESAPEAKE TRUST,

Plaintiff/Appellant

## **MOTION TO DISMISS APPEAL**[1]

Appellee, Chesapeake Bay Enterprises, Inc. ("CBE"), by counsel, moves the Court of Appeals to dismiss this appeal for lack of subject matter jurisdiction. The Order appealed from – the September 30, 2015 "Final Order" of the United States District Court for the Eastern District of Virginia – is not a final decision.

---

[1] In accordance with Local Rule 27(a), CBE certifies as follows: Counsel for Appellant (Pillsbury) was informed of the intended filing of this Motion. Counsel for Appellant was asked whether Appellant would consent to the granting of the Motion and/or whether Appellant intended to file a response in opposition. Counsel for Appellant did not respond.

1

# I. Procedural History

After the conversion of Potomac Supply Corporation's bankruptcy proceeding, CBE and the Chesapeake Trust (the "Trust") litigated their competing claims to the $500,000 Deposit and other issues in an adversary proceeding before the United States Bankruptcy Court. [*JA 794-795*].

Following a September 2014 bench trial, the Bankruptcy Court entered judgment in favor of the Trust on the Trust's Complaint for CBE's breach of the APA, dismissed CBE's Counterclaim for the Trust's breach of the APA, and denied both parties' requests for legal fees. The Bankruptcy Court made several Findings, ultimately concluding that: (1) CBE committed the first material, unwaived breach of the APA; (2) CBE's inability to close on the sale entitled the Trust to retain the Deposit; and, (3) neither party was entitled to attorneys' fees. [*JA 795*].

CBE appealed the Bankruptcy Court's final judgment to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 158(a)(1). [*JA 2 – Docket Entry # 1*; *JA 795*].

On September 30, 2015, the District Court entered a "Final Order", ruling that CBE was entitled to the Deposit. The District Court's "Final Order" states as follows:

> **FINAL ORDER**
>
> For the reasons stated in the accompanying Memorandum Opinion, the Court REVERSES the judgment of the Bankruptcy Court regarding PSC's failure to issue a Buyer Default Termination notice and REMANDS the case for further proceedings not inconsistent with the Court's opinion.
>
> Should appellee wish to appeal, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

[*JA 805*].

On October 28, 2015, the Trust filed a Notice of Appeal. [*JA 806-810*].

The Trust's Notice of Appeal prophesied a problem with subject matter jurisdiction. In paragraph 3 of its Notice of Appeal, the Trust advised as follows:

> 3.    However, the District Court's Final Order may not be a final decision that can be appeal under Fourth Circuit law. *See, e.g., Capitol Credit Plan of Tenn., Inc. v. Shaffer*, 912 F.2d 749, 749–50 (4th Cir. 1990) (holding that "since the district court remanded the case to the bankruptcy court for further consideration, the decision was not final" and thus the Court lacked subject matter jurisdiction to hear the appeal).

[*JA 807*].

Although the parties filed briefs in this appeal, neither party raised the issue of subject matter jurisdiction in the briefs.

## II. **The Court Lacks Subject Matter Jurisdiction**

Recently, the Court of Appeals restated certain well-established rules relating to subject matter jurisdiction:

> "The parties to this appeal have not questioned our jurisdiction. But before we consider the merits of an appeal, we have an independent 'obligation to verify the existence of appellate jurisdiction.' *Palmer v. City Nat'l Bank, of W. Va.,* 498 F.3d 236, 240 (4th Cir. 2007). And that jurisdiction generally is limited to appeals from 'final decisions of the district courts,' 28 U.S.C. § 1291—decisions that 'end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment.' *Miller v. Simmons,* 814 F.2d 962, 964 (4th Cir. 1987) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).
>
> Ordinarily, a district court order is not 'final' until it has resolved *all* claims as to all parties.' *Fox v. Baltimore City Police Dep't,* 201 F.3d 526, 530 (4th Cir. 2000) (emphasis added). In making that assessment, we look to substance, not form. Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order. *See Witherspoon v. White,* 111 F.3d 399, 402 (5th Cir. 1997); *C.H. ex rel. Hardwick v. Heyward,* 404 Fed.Appx. 765, 768 (4th Cir. 2010) (unpublished) ('[A] district court mislabeling a non-final judgment 'final' does not make it so.' (quoting *Stillman v. Travelers Ins. Co.,* 88 F.3d 911, 914 (11th Cir. 1996)))."

*Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015).

In this case, the District Court's "Final Order" was not a final decision because there were "further proceedings" that necessarily had to take place before the Bankruptcy Court, including turnover and distribution of the Deposit to CBE. The Bankruptcy Court also had to rule on CBE's claims that it was entitled to

4

prejudgment interest and attorney's fees.[2]  The "necessity" of these "further proceedings" was, in fact, acknowledged by the Trust in paragraph 5 of the Notice of Appeal, where the Trust stated:

> 5.   This left Chesapeake Trust with the proverbial "Hobson's choice" of either (a) not appealing (despite the District Court's statements on the issue) and possibly losing such right, or (b) filing a notice of appeal in connection with a matter that may not be appealable to this Court due to the necessity for further proceedings before the Bankruptcy Court.

## **CONCLUSION AND REQUEST FOR RELIEF**

"The first issue in every appeal is one of jurisdiction.  This issue may be raised at any time, even on appeal, even by the court *sua sponte*." *Capitol Credit Plan of Tennessee, Inc. v. Shaffer*, 912 F.2d 749, 750 (4th Cir. 1990) (citing *Mansfield, Coldwater & Lake Railway Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)).  This Court has repeatedly held that "District court orders remanding cases to the bankruptcy court for further consideration are not,

---

[2]  In its Memorandum Opinion, the District Court observed that "Pillsbury retains the Deposit in its trust account" and "these funds remain available for distribution." [*JA 795, fn. 10*].  On February 18, 2016, the Bankruptcy Court entered a money judgment in favor of CBE against the Trust, granted CBE's motion for an award of prejudgment interest, denied CBE's request for attorney's fees, and granted CBE's motion to compel a turnover of the Deposit as against Pillsbury. [*Case 13-03073-BFK – Doc 245*].

ordinarily, final orders." *Legal Representative for Future Claimants v. Aetna Cas. & Sur. Co. (In re Wallace & Gale Co.)*, 72 F.3d 21, 24 (4th Cir. 1995); *see id. Keever v. Gallagher*, 314 Fed.Appx. 616, at * 1 (4th Cir. 2009) ("District court orders remanding matters to the bankruptcy court for further consideration are not final orders."); *Taylor v. US Trustee*, 119 Fed.Appx. 568, at * 1 (4th Cir. 2005) (same); *In re Wright*, 77 F.3d 472 (Table), at * 1 (4th Cir. 1995) ("we conclude that the order of the district court remanding this case to the bankruptcy court for further proceedings is not a final order and, therefore, is not appealable"); *Palmetto State Medical Center, Inc. v. Operation Rescue*, 36 F.3d 1093 (Table), at * 2 (4th Cir. 1994) ("Palmetto's complaint requested preliminary and permanent injunctive relief, compensatory damages, and punitive damages. The judgment entered by the district court, however, did not address Palmetto's request for permanent injunctive relief. We therefore find that the judgment entered by the district court is not a final order within the meaning of 28 U.S.C. § 1291, for it failed to address all the prayers for relief. Lifeline's appeal is accordingly dismissed for want of appellate jurisdiction.").

For the reasons stated above, CBE respectfully requests the Court to dismiss this appeal.

DATED:    April 1, 2016

6

Respectfully Submitted,

CHESAPEAKE BAY ENTERPRISES INC.


By: */s/Steven S. Biss*
     Steven S. Biss (VSB # 32972)
     300 West Main Street, Suite 102
     Charlottesville, Virginia 22903
     Telephone:  (804) 501-8272
     Facsimile:  (202) 318-4098
     Email:  stevenbiss@earthlink.net

     *Counsel for Appellee, CBE*


## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2016 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Appellant and all interested parties receiving notices via CM/ECF.


By: */s/Steven S. Biss*
     Steven S. Biss (VSB # 32972)
     300 West Main Street, Suite 102
     Charlottesville, Virginia 22903
     Telephone:  (804) 501-8272
     Facsimile:  (202) 318-4098
     Email:  stevenbiss@earthlink.net

     *Counsel for Appellee, CBE*